B. TERNES, AND ANOTHER, APPELLANTS, *v.* J. F. DUNN, AND OTHERS, RESPONDENTS.

CONTRACT.—AGREEMENT TO SELL CONSTRUED AS AGENCY.—A contract which recited that the first party agreed to sell certain lands to certain second parties, upon the condition that the second parties were to plat and lay out the ground sold into lots and sell them, and agreed to pay to said first party $7,500 for the land, said payments to be part cash and part mortgages, as the same were received by said second parties upon the sale of lots, and said first party was to deed to purchasers any lot sold, and said second parties agreed to pay all expenses of platting and laying out lots, and the second parties agreed to sell and dispose of said lots as soon as could be done, and to the best of their ability, and as soon as $7,500 should be paid to the first party, he was to convey the land unsold by warranty deed; *held,* that the contract was one of agency to sell land, not an agreement for sale upon a consideration.

ID.—BREACH OF CONTRACT.—DAMAGES.—Where, as a breach of a contract of agency to sell lands, the complaint alleged that

32

the first party refused to permit the second parties to lay out and plat the ground, or to allow the second parties to sell any of the land, without any allegation of expenditure of money by second parties, or work done under the contract or any other fact showing damages, except as stated above; *held*, that the complaint stated only a case for nominal damages.

ID.—BREACH OF CONTRACT.—NOMINAL DAMAGES.—NON-SUIT.—*Semble* where plaintiffs in an action for a breach of contract proved a case of nominal damages only, whereupon the trial court granted a non-suit; *held*, that this error, if error it was, was not sufficient to cause the granting of a new trial.

PLEADING.—DENIAL.—EVIDENCE.—Where plaintiffs alleged the execution of a contract and set out its terms, and a breach thereof by defendants by a verified complaint, and defendants answered by a general denial of each and every allegation of the complaint, except as thereinafter in their answer admitted, and then admitted the execution of the contract, but averred that it was obtained by fraudulent representations, and was afterwards rescinded; *held*, that the plaintiffs, upon trial of the case, could be compelled to produce the contract in evidence and *semble* the contract was not admitted by the pleadings.

APPEAL from a judgment upon non-suit of the district court of the first district and from an order overruling a motion for a new trial.

In this case the abstract was an imperfect one. It did not show, but the transcript did, any motion for judgment on the pleadings, nor any objection to the introduction or production of the contract in evidence. The complaint alleged the contract and execution thereof, to-wit:

That the party of the first part hereby agrees to sell to the parties of the second part all of lot 29, in block 10, (excepting the N. E. corner, which belongs to N. N. Tanner), being about 6½ acres to be hereafter divided into lots on the following conditions: The said parties of the second part hereby agree with the said parties

of the first part, to pay him the sum of seventy-five hundred dollars for the said land in cash and mortgages as they may be received by them; that as soon as the aforesaid sum is paid to said party as above mentioned, then the unsold part of the land above described, be by him, the said party of the first part, deeded by warranty deed, free of all encumbrances, to the said parties of the second part; that said party of the first part hereby agrees to deed to purchasing parties any lot or lots that may be sold out of said tract through his power of attorney granted by said party of the first part, together with that of his wife, granted to one W. P. Hart, of Ogden, Utah; that said party of the first part hereby agrees to deed unto said parties of the second part the remainder of any lots remaining unsold after the said sum of seventy-five hundred dollars shall have been paid to him by the said parties of the second part.

Then the complaint proceeded as follows:

That said plaintiffs offered to said Dunn to have said land platted and laid out into lots and to sell and dispose of the same in accordance with said agreement; but said Dunn, though able and having the ability to do so, refused to allow said plaintiffs to plat or lay out into lots or to sell said lots or land, or any part thereof, and refused and failed to carry out his part of said agreement in any respect; but on the contrary, as plaintiffs on their information and belief allege, he, said Dunn, by some private, wrongful and fraudulent combination with said A. J. Chamberlin, sold and transferred said land and lots to said A. J. Chamberlin and A. H. Nelson, with the fraudulent intent on the part of the defendants to deprive the plaintiffs of their interest and profits in and under said agreement; that plaintiffs have performed all the conditions of said agreement on their part, and on the part of said Ternes, Chamberlin and Bowen.

That said defendant Dunn has not executed said agreement on his part, nor has he executed any part thereof, but he has wholly failed and refused so to do, to the damage of the plaintiffs in the sum of seven thousand dollars.

The answer denied each and every allegation in said complaint contained, except what is hereinafter admitted, and then admitted the execution of the agreement without consideration, but alleged the obtaining of it by fraudulent representations as follows: " That in order to examine certain lands belonging to Dunn and wife, it would become and was necessary that said memorandum agreement be executed, so that Bowen and his associates (the plaintiffs ) might have authority to make examination of said lands against the objections of neighbors, and that Dunn, after refusing to sign without consulting his attorney, being assured by Bowen that said memorandum agreement would not be binding until substituted by an agreement in which the wife of said Dunn should join with him, was misled and induced by the representations aforesaid, which were false and made with intent to defraud him, the said J. F. Dunn, to sign said memorandum agreement with the express understanding that said memorandum agreement might be waived, abandoned and rescinded by either of the parties thereto at will, and thereafter said defendant J. F. Dunn received from said B. Ternes and George N. Bowen, a certain written articles of agreement, wherein the said defendant J. F. Dunn, as James F. Dunn and —— —— Dunn, his wife, were parties of the first part, and said B. Ternes and George N. Bowen were parties of the second part, which said articles of agreement he, the said defendant J. F. Dunn, refused to sign, and soon thereafter, and before any breach of the memorandum agreement first above referred to, it was agreed by and between said

defendant J. F. Dunn, party of the first part, and Ternes, Chamberlin and Bowen, parties of the second part, in said memorandum agreement, that the said memorandum agreement should be waived, abandoned and rescinded, they then waived, abandoned and rescinded the same accordingly, and said defendants J. F. Dunn and A. J. Chamberlin allege that the agreement referred to in plaintiffs' complaint, and the memorandum agreement above referred to, must necessarily be one and the same as there never was but one instrument of the kind between said parties, that was executed in whole or in part, and that said defendants or either of them have not possession or control of the same or a copy thereof.

It will be seen that the contract did not identify the *locus* of the property at all, but no point was anywhere made as to that.

Section 3226, 2 Comp. Laws 1888, provides: If the complaint be verified, the denial of each allegation controverted must be specific.

*Messrs. Evans and Rogers* and *Mr. A. G. Horn,* for the appellants.

General denial of a verified complaint raises no issue, citing large number of California cases. The question of damages was not in issue because not denied. *Snell* v. *Crowe,* 2 Utah, 26; *McLaughlin* v. *Kelly,* 22 Cal. 212; *Rowe* v. *Bradley,* 12 Cal. 226.

*Mr. Parley L. Williams,* for the respondents.

ANDERSON, J.:

The plaintiffs and the defendant Chamberlin were partners as real estate agents at Ogden City, Utah, under the firm name of Ternes, Chamberlin & Bowen. The partnership having been dissolved and settled, and

Chamberlin, having refused to become one of the plaint-iffs, was made a defendant in this action. The complaint, which was verified, alleges that the firm made a contract with the defendant Dunn, whereby Dunn agreed to sell to the firm certain real estate adjacent to the city of Ogden for the sum of $7,500. That the firm was to plat and lay out the ground into lots, and pay the expense thereof, and sell the same as soon as it could be done, and turn over to Dunn the cash and mortgages received in payment therefor, and Dunn was to execute deeds to the purchasers of lots as fast as the same might be sold; and as soon as the sum of $7,500 should be paid Dunn, out of the proceeds of the sale of lots, he was to convey any parts of said land remaining unsold to the firm. That thereafter plaintiffs offered to have the land platted and laid out into lots and to sell and dispose of them in accordance with said agreement, but that the defendant Dunn refused to let them do so, and refused to carry out his part of the agreement in any respect, to the plaintiffs' damage in the sum of $7,000, for which amount they demand judgment. The defendants filed their verified answer, denying each and every allegation of the complaint except the making of the agreement sued on; and also alleged that the same was without consideration, and was obtained by fraud; and that after its execution, and before any breach of its terms, it was, by mutual agreement of the defendant Dunn and the said firm, abandoned and rescinded. At the close of the evidence for plaintiffs the court discharged the jury and entered a judgment of non-suit against plaintiffs, and plaintiffs appeal.

Appellants assign as error that the court erred in refusing plaintiffs' motion for judgment on the pleadings. It is sufficient to say that no such motion appears by the record to have been made, but if we assume, as counsel

seem to concede, that such a motion was made and over-ruled, we think there was no error in so doing, for, while the answer may be defective in some particulars, the allegations that the agreement was without consideration, and was obtained by fraudulent representations, and that it had been rescinded by the mutual consent of all the parties to it, constitutes a good defense.

It is insisted that the court erred in granting defendants' motion for a nonsuit against the plaintiffs. By subdivision 5, § 3343, 2 Comp. Laws 1888, it is provided that a judgment of nonsuit may be entered by the court upon motion of the defendant, when upon trial the plaintiff fails to prove a sufficient case for the jury. The only evidence in the record is the contract sued on, and proof of its execution by the defendants. No evidence of any damage was introduced or offered by the plaintiffs.

By the contract, the plaintiffs did not become purchasers of the land described in the contract, but merely the agents of the defendant Dunn for the sale of the land. It is true, the contract provides that "the party of the first part hereby agrees to sell to the party of the second part," etc., but it does not provide that the plaintiffs are to pay defendant Dunn anything, except to turn over to him the proceeds of all sales made by them to third parties, until the sum of $7,500 should be paid. They do not agree to pay anything themselves absolutely for the property, nor was it to become theirs, but the title was to remain in Dunn, and he was to convey to persons who purchased from or through the plaintiffs, and receive the proceeds until he had received $7,500, and then he was to convey any of the land or lots remaining unsold, if there should be any, to plaintiffs. No time is fixed within which the land should be sold,

nor the length of time payments might be deferred, nor any price at which the lots should be sold.

The complaint does not allege that the plaintiffs have paid out any money or performed any labor on account of the contract, nor that they had had any opportunities to sell any of the lots; nor does it allege that they could have realized, $7,500 by the sale of less than the whole of the land, and if they could not they were not damaged; nor is it alleged the land could have been sold for, or was worth, more than was to be paid for it; nor is it even alleged that they could have sold the premises, or any part thereof, at any price; so that, although the complaint avers plaintiffs have been damaged $7,000, it does not state in what manner they are damaged; nor any facts showing more than nominal damages. What, then, was there for the jury to determine? The most that plaintiffs could have recovered, if anything, under the allegations of the complaint, would have been merely nominal damages; but where no greater error, if, indeed, it was error at all, is committed by the trial court the ends of justice do not require that the litigation should be continued, and that the cause be retried, for in fact substantial justice has been done.

It is also insisted that the court erred in compelling the plaintiffs to introduce the contract in evidence. We are unable to understand how plaintiffs, when suing on a contract, should deem it error to compel them to introduce the contract in evidence. How they could expect to recover damages for the breach of the terms of a contract without introducing the contract in evidence we do not understand. We find no error in the record which would justify a reversal of the case, and the judgment of the district court is affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.